**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____

|  |  |  |
|---|---|---|
| | : | |
| MICHAEL AND TAMARA HRYCAY, | : | |
| | : | CIVIL ACTION |
| Plaintiffs, | : | |
| | : | |
| v. | : | No. 07-2605 |
| | : | |
| MONACO COACH CORP., | : | |
| | : | |
| Defendant. | : | |

_____ :

## MEMORANDUM

**ROBERT F. KELLY, Sr. J.**                                              **MARCH 7, 2008**

Presently before the Court is Defendant Monaco Coach Corporation's ("Monaco Coach")
Motion for Summary Judgment.  For the reasons set forth below, Monaco Coach's Motion will
be denied.

## I. FACTS

Plaintiffs Michael and Tamara Hrycay ("the Hrycays") purchased a Monaco Windsor
motorhome from Stoltzfus Trailer Sales, Inc., a dealer authorized to sell Monaco products in
West Chester, Pennsylvania.  The Hrycays assert that they purchased the motorhome on July 7,
2005, but due to the fact that the motorhome required several initial repairs, did not take
possession of it until July 15, 2005.  Since taking possession of the motorhome, the Hrycays
allege that they have experienced several recurring problems with the vehicle and have sent it
back to Stoltzfus on several occasions for repairs, all of which proved unsuccessful.  After
several attempts to repair the vehicle at Stoltzfus, Monaco Coach requested that the Hrycays
deliver the vehicle to its Indiana manufacturing facility, so that the manufacturer could complete

the work.  The Hrycays sent the motorhome to the Indiana repair facility on September 18, 2006, and it remained there until November 16, 2006.  The Hrycays allege that employees of Monaco Coach assured them that Monaco Coach would resolve any remaining issues at the Indiana facility; however, the Hrycays continue to experience many of the same problems with the motorhome as they were experiencing prior to the Indiana repair.

In connection with the purchase of the motorhome, Monaco Coach issued the Hrycays a Monaco Motorhome Limited Warranty ("Limited Warranty").  The applicable portions of the Limited Warranty read as follows:

> [t]he Limited Warranty provided by Monaco ("Warrantor") covers your new motorhome . . . for twelve (12) months from the original retail purchase date or the first 24,000 miles of use, whichever occurs first.  However, the Limited Warranty provided by Warrantor covers the steel or aluminum frame structure of the sidewalls (excluding slide-outs), roof, and rear and front walls for sixty (60) months from the original retail purchase date or the first 50,000 miles of use, whichever comes first.
>
> . . . .
>
> These warranties are not intended to "extend to future performance."  Any action to enforce these express or any implied warranties shall not be commenced more than ninety (90) days after the expiration of the one year warranty coverage period designated above.

(Def.'s Mot., Ex. A.)  The Hrycays contend that they did not receive a copy of this Limited Warranty until they went to pick up the vehicle from the dealership on July 15, 2005, eight days after they purchased the motorhome.  Monaco Coach asserts that the actual date of purchase was July 15, 2005.  Thus, the actual date of purchase remains in dispute.

On May 11, 2007, the Hrycays filed a Complaint in the Philadelphia Court of Common Pleas, alleging three claims.  Count I states a claim under the Magnuson-Moss Warranty Improvement Act ("Magnuson-Moss Act"), 15 U.S.C. § 2301.  Count II states a claim for breach of express warranty and of the implied warranties of merchantability and fitness for a particular purpose pursuant to the Pennsylvania Uniform Commercial Code ("UCC").  Count III states a claim under the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 Pa. Cons. Stat. § 201-1.  Monaco Coach removed the action to this Court, and on January 23, 2008, filed a Motion for Summary Judgment asserting that the last sentence of the Limited Warranty limited the statute of limitations period for claims under the warranty to three months after the expiration of the warranty.  As a result, Monaco Coach argues that the Hrycays had one year and three months from the date of purchase, or October 15, 2006, within which to file suit.  As the Complaint was not filed until May 11, 2007, Monaco Coach argues that the Hrycays claims must be dismissed as untimely.

## II. STANDARD OF REVIEW

"Summary judgment is appropriate when, after considering the evidence in the light most favorable to the nonmoving party, no genuine issue of material fact remains in dispute and 'the moving party is entitled to judgment as a matter of law.'"  Hines v. Consol. Rail Corp., 926 F.2d 262, 267 (3d Cir. 1991) (citations omitted).  The inquiry is "whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986).  The moving party carries the initial burden of demonstrating the absence of any genuine issues of material fact.  Big Apple BMW, Inc. v. BMW of N. Am. Inc., 974 F.2d 1358, 1362 (3d

3

Cir. 1992).  "A fact is material if it could affect the outcome of the suit after applying the

substantive law.  Further, a dispute over a material fact must be 'genuine,' i.e., the evidence must

be such 'that a reasonable jury could return a verdict in favor of the non-moving party.'"

Compton v. Nat'l League of Prof'l Baseball Clubs, 995 F. Supp. 554, 561 n.14 (E.D. Pa. 1998),

aff'd, 172 F.3d 40 (3d Cir. 1998) (citations omitted).

Once the moving party has produced evidence in support of summary judgment, the non-

moving party must go beyond the allegations set forth in its pleadings and counter with evidence

that demonstrates that there is a genuine issue of fact requiring a trial.  See Big Apple BMW, at

1362-63.  Summary judgment must be granted "against a party who fails to make a showing

sufficient to establish the existence of an element essential to that party's case, and on which that

party will bear the burden of proof at trial."  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

"[A]n opposing party may not rely merely on allegations or denials in its own pleading; rather, its

response must . . . set out specific facts showing a genuine issue for trial."  Fed. R. Civ. P.

56(e)(2).

## III. DISCUSSION

This Court must decide whether Plaintiffs' claim is time-barred by the language of the

Limited Warranty.  Pennsylvania's Uniform Commercial Code states:

> **(a) General Rule.**  An action for breach of any contract for sale
> must be commenced within four years after the cause of action has
> accrued.  By the original agreement the parties may reduce the
> period of limitation to not less than one year but may not extend it.
>
> **(b) Accrual of cause of action.**  A cause of action accrues when the breach
> occurs, regardless of the aggrieved party's lack of knowledge of the breach.  A
> breach of warranty occurs when tender of delivery is made, except that where a
> warranty explicitly extends to future performance of the goods and discovery of

4

the breach must await the time of such performance the cause of action accrues
when the breach is or should have been discovered.

13 Pa. Cons. Stat. Ann. § 2725 (West 2008).  Generally, the statute of limitations for breach of
warranty claims is four years.  However, the UCC permits the statutory period to be reduced
upon agreement of the parties to a period not less than one year.  Thus, the question before the
Court is whether the parties reduced the limitations period by their original agreement.

The UCC defines "agreement" as "[t]he bargain of the parties in fact as found in their
language or by implication from other circumstances including course of dealing or usage of
trade or course of performance as provided in this title."  13 Pa. Cons. Stat. Ann. § 1201 (West
2008).  Monaco Coach first argues that the terms of the warranty limit the statutory period to one
year and three months.  In support of its argument, Monaco Coach has shown that the Hrycays
signed an Acknowledgment stating that they received the Limited Warranty.  Monaco Coach
attests that this Acknowledgment was signed before the time of sale, and as such, the statutory
period was effectively reduced by the Limited Warranty.  The Hrycays, therefore, had until
October 15, 2006 to file their Complaint, and as they failed to do so, their claims are now time-
barred.  Thus, Monaco Coach argues that summary judgment must be granted with respect to
Count II.

The Hrycays counter that during their negotiations with the sales representatives at
Stoltzfus, they were told only that the motorhome came with a one-year limited warranty.  They
claim that they were never informed that the warranty also reduced the time period they had to
bring a breach of warranty claim.  They further allege that they were not provided copies of the
warranty at the time of sale and did not receive a copy until July 15, 2005, when they picked up

their motorhome from the dealership.  As such, the Hrycays assert that there was no "agreement" between the parties because they could not have bargained for a term of which they had no knowledge.

Based on the allegations presented in the Complaint, the Court finds that the Hrycays have presented enough evidence to constitute a genuine issue of material fact as to whether an "agreement" existed between the parties to effectively reduce the statute of limitations from four years to one year and three months.  The Hrycays allege that there was no bargaining as to the terms of the warranty because they were completely unaware of the reduction in limitations clause and were only given a copy of it after the date of sale.  If these allegations prove true, a reasonable jury could find that there was no bargain, and thus no agreement between the parties, which is required under the UCC to reduce the limitations period.  Under these circumstances, the "evidence presents a sufficient disagreement to require submission to the jury."  Anderson, 477 U.S. at 251-52 (1986).

Additionally, the Hrycays have presented a question of fact as to whether the statute of limitations has been tolled under Pennsylvania's repair doctrine.  Under the repair doctrine, the statute of limitations will be tolled where "evidence reveals that repairs were attempted; representations were made that the repairs would cure the defects; and the plaintiff relied upon such representations."  Keller v. Volkswagen of Am., 733 A.2d 642, 646 (Pa. Super. 1999) (citing Amodeo v. Ryan Homes, Inc., 595 A.2d 1232, 1237 (Pa. Super. 1991)).  "Moreover, whether the statute of limitations is tolled under the repair doctrine is a question of fact."  Id.

Here, the Hrycays allege that they brought the vehicle in on numerous occasions for repairs during the warranty period.  (Compl. ¶¶ 13-16.)  They assert that the vehicle continues to

6

demonstrate the same problems and abnormalities as those addressed during the one-year warranty period.  (Compl. ¶ 10.)  Further, they have attached email correspondence between Mr. Hrycay and two Monaco employees, which they argue demonstrates that Monaco Coach made express representations to them that the repairs conducted at the Indiana office would put an end to the difficulties they were experiencing with their motorhome.  (Pls.' Resp. To Def.'s Mot., Ex. G1-G11.)  Viewing the evidence in the light most favorable to the Hrycays, the Court concludes that a genuine issue of material fact exists as to whether the statute was tolled under the repair doctrine.  Accordingly, because the timeliness of the claims under the implied warranties of merchantability and fitness for a particular purpose rest upon whether the express warranty limited the limitations period for claims of breach,[1] summary judgment is also not appropriate with respect to the claims for breach of the implied warranties.  Thus, summary judgment is denied with respect to Count II.  Furthermore, because the Court finds genuine issues of fact regarding the timeliness of the breach of warranty claims, it does not address the additional arguments presented by the Hrycays on this issue.[2]

Secondly, Monaco Coach asserts that the Court should grant summary judgment with respect to Count I of the Complaint, the Hrycays' claim under the Magnuson-Moss Act, because

---

[1]Monaco's Limited Warranty expressly states: "Any implied warranties arising by way of state law, including any implied warranty of merchantability and any implied warranty of fitness for a particular purpose, are limited in duration to the term of this limited warranty . . .. Any action to enforce these express or any implied warranties shall not be commenced more than ninety (90) days after the expiration of the one year warranty coverage period designated above." (Def.'s Mot., Ex. A.)

[2]In their Response to the Monaco Coach's Summary Judgment Motion, the Hrycays also assert that the claim for breach of the express warranty is not time-barred because: 1) the express warranty extends to future performance, and therefore, the statute of limitations for breach of express warranty did not begin to run until the date the defect was discovered; 2) any reduction in the limitations period was not part of the "original agreement" of the parties; 3) the limitations clause is contrary to public policy and manifestly unreasonable; 4) many of the defects are covered under the provisions of the 60 month/50,000 mile warranty.

the claims under the Act are derivative of the express warranty claims, and are therefore, also time-barred.  The Magnuson-Moss Act is a vehicle through which consumers can seek redress for violations of consumer warranties.  15 U.S.C. §2310; see also, Busche v. Monaco Coach Corp., No. 06-3801, 2006 WL 3302477, at *5 (E.D. Pa. Nov. 13, 2006); Keller, 733 A.2d at 644. The Act, however, does not contain an express period of limitations.  "Where a federal statute grants a cause of action, but does not include a statute of limitations governing the scope of that statute's application, federal common law requires the court to apply the state statute of limitations governing the state cause of action most closely analogous to the federal claim." Keller, 733 A.2d at 644 (citing DelCostello v. Int'l Brotherhood of Teamsters, 462 U.S. 151 (1983)); see also North Star Steel Co. v. Thomas, 515 U.S. 29, 33-34 (1995).  In deciding the applicable statute of limitations with regard to claims under the Magnuson-Moss Act, courts have consistently held that claims under the Act are most closely analogous to the UCC.  Busche, 2006 WL 3302477, at *5 (citing Lowe v. Volkswagen of Am., 879 F. Supp. 28, 30 (E.D. Pa. 1995); Keller, 733 A.2d at 644.  As stated above, the Hrycays have presented issues of fact as to whether the Limited Warranty reduced the four year statute of limitations applicable under the UCC to the period provided for in the warranty, one year and three months.  Because the timeliness of the Hrycays claims under the Magnuson-Moss Act depend on the disposition of their breach of warranty claims, summary judgment is denied with respect to Count I.

Finally, as to Count III, Monaco Coach asserts that the Hrycays' UTPCPL claims are also time-barred, as they are subject to the same limitations period as the express warranty.  The purpose of the UTPCPL is to protect consumers from "fraud and unfair or deceptive business practices."  Keller, 733 A.2d at 646.  "It is to be liberally construed in order to effectuate its

purpose." <u>Id.</u>  A claim under the UTPCPL is governed by a six year statute of limitations.  <u>Id.</u> at 646, n. 9.  Because the Hrycays have raised their UTPCPL claims within the statute of limitations, their claims are timely.  As such, Monaco Coach's Motion for Summary Judgment is dismissed.

An appropriate Order follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____
                                        :
MICHAEL AND TAMARA HRYCAY,              :
                                        :       CIVIL ACTION
                        Plaintiffs,     :
                                        :
        v.                              :       No. 07-2605
                                        :
MONACO COACH CORP.,                     :
                                        :
                        Defendant.      :
_____:

## ORDER

   **AND NOW**, this  7th  day of March, 2008, in consideration of the Motion for

Summary Judgment filed by Defendant Monaco Coach Corp. (Doc. No. 6), and the response and

reply thereto, it is hereby **ORDERED** that the Motion for Summary Judgment is **DENIED.**


                                        BY THE COURT:


                                        /s/ Robert F. Kelly_____
                                        ROBERT F. KELLY
                                        SENIOR JUDGE