## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| MICHAEL AND TAMARA HRYCAY, | : | |
| | : | CIVIL ACTION |
| Plaintiffs, | : | |
| | : | |
| v. | : | No. 07-2605 |
| | : | |
| MONACO COACH CORP., | : | |
| | : | |
| Defendant. | : | |

### MEMORANDUM

**ROBERT F. KELLY, Sr. J.**                                                              **APRIL 28, 2008**

Presently before the Court is the Motion for Reconsideration filed by Defendant Monaco

Coach Corporation ("Monaco Coach") requesting that this Court reconsider its Order of March 7,

2008 dismissing Monaco Coach's Motion for Summary Judgment. For the reasons set forth

below, the Motion for Reconsideration will be denied.

### I.      FACTS

Plaintiffs Michael and Tamara Hrycay ("the Hrycays") purchased a Monaco Windsor

motorhome from Stoltzfus Trailer Sales, Inc., a dealer authorized to sell Monaco products in

West Chester, Pennsylvania. The Hrycays assert that they purchased the motorhome on July 7,

2005, but due to the fact that the motorhome required several initial repairs, they did not take

possession of it until July 15, 2005. Since taking possession of the motorhome, the Hrycays

allege that they have experienced several recurring problems with the vehicle and have sent it

back to Stoltzfus on several occasions for repairs. All of the repairs have been unsuccessful.

After several attempts to repair the vehicle at Stoltzfus, Monaco Coach requested that the

Hrycays deliver the vehicle to its Indiana manufacturing facility, so that Monaco could complete

the work itself.  The Hrycays sent the motorhome to the Indiana repair facility on September 18,

2006, where it remained until November 16, 2006.  The Hrycays allege that employees of

Monaco Coach assured them that Monaco Coach would resolve any remaining issues at the

Indiana facility.  However, the Hrycays continue to experience many of the same problems with

the motorhome as they were experiencing prior to the repairs made in Indiana.

In connection with the purchase of the motorhome, Monaco Coach issued the Hrycays a

Monaco Motorhome Limited Warranty ("Limited Warranty").  The applicable portions of the

Limited Warranty read as follows:

> [t]he Limited Warranty provided by Monaco ("Warrantor") covers
> your new motorhome . . . for twelve (12) months from the original
> retail purchase date or the first 24,000 miles of use, whichever
> occurs first.  However, the Limited Warranty provided by
> Warrantor covers the steel or aluminum frame structure of the
> sidewalls (excluding slide-outs), roof, and rear and front walls for
> sixty (60) months from the original retail purchase date or the first
> 50,000 miles of use, whichever comes first.
>
>         . . . .
>
> These warranties are not intended to "extend to future
> performance."  Any action to enforce these express or any implied
> warranties shall not be commenced more than ninety (90) days
> after the expiration of the one year warranty coverage period
> designated above.

(Def.'s Mot. for Summ. J., Ex. A.)  The Hrycays contend that they did not receive a copy of this

Limited Warranty until they went to pick up the vehicle from the dealership on July 15, 2005,

eight days after they purchased the motorhome.  Monaco Coach asserts that the actual date of

purchase was July 15, 2005.  Thus, the actual date of purchase remains in dispute.

On May 11, 2007, the Hrycays filed a Complaint in the Philadelphia Court of Common

Pleas, alleging three claims.  Count I states a claim under the Magnuson-Moss Warranty

Improvement Act ("Magnuson-Moss Act"), 15 U.S.C. § 2301.  Count II states a claim for breach

of express warranty and of the implied warranties of merchantability and fitness for a particular

purpose pursuant to the Pennsylvania Uniform Commercial Code ("UCC").  Count III states a

claim under the Pennsylvania Unfair Trade Practices and Consumer Protection Law

("UTPCPL"), 73 Pa. Cons. Stat. § 201-1.  Monaco Coach removed the action to this Court, and

on January 23, 2008, filed a Motion for Summary Judgment asserting that the last sentence of the

Limited Warranty limited the statute of limitations period for claims under the warranty to three

months after the expiration of the warranty.  By Order of March 7, 2008, this Court denied

Monaco Coach's Motion for Summary Judgment.  Monaco Coach now files this Motion for

Reconsideration, asking this Court to reconsider its previous denial of its Summary Judgment

Motion.

## II.     STANDARD OF REVIEW

"The United States Court of Appeals for the Third Circuit has held that the purpose of a

motion of reconsideration is to correct manifest errors of law or fact or to present newly

discovered evidence."  Cohen v. Austin, 869 F. Supp. 320, 321 (E.D. Pa. 1994).  Accordingly, a

district court will grant a party's motion for reconsideration in any of three situations: (1) the

availability of new evidence not previously available, (2) an intervening change in controlling

law, or (3) the need to correct a clear error of law or to prevent manifest injustice.  Reich v.

Compton, 834 F. Supp. 753, 755 (E.D. Pa. 1993).  Federal courts have a strong interest in the

finality of judgments, and motions for reconsideration should be granted sparingly.  Continental

Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995).  Dissatisfaction with

the Court's ruling is not a proper basis for reconsideration.  Glendon Energy Co. v. Borough of

Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993).

### III.    DISCUSSION

Monaco Coach asks this Court to reconsider its Order denying summary judgment with

respect to the question of whether the Hrycays' Complaint is time-barred pursuant to the terms of

the Limited Warranty.  Pennsylvania's Uniform Commercial Code states:

> **(a) General Rule.**  An action for breach of any contract for sale
> must be commenced within four years after the cause of action has
> accrued.  By the original agreement the parties may reduce the
> period of limitation to not less than one year but may not extend it.
>
> **(b) Accrual of cause of action.**  A cause of action accrues when the breach
> occurs, regardless of the aggrieved party's lack of knowledge of the breach.  A
> breach of warranty occurs when tender of delivery is made, except that where a
> warranty explicitly extends to future performance of the goods and discovery of
> the breach must await the time of such performance the cause of action accrues
> when the breach is or should have been discovered.

13 Pa. Cons. Stat. Ann. § 2725 (West 2008).  Generally, the statute of limitations for breach of

warranty claims is four years.  However, the UCC permits the statutory period to be reduced

upon agreement of the parties to a period of not less than one year.  By Order of March 7, 2008,

this Court found that a genuine issue of material fact existed as to whether the language of the

Limited Warranty effectively reduced the limitations period within which to bring a claim under

the warranty.  It is this finding that Monaco Coach now asks this Court to reconsider.

The Court finds that genuine issues of material fact exist as to whether or not the

Complaint was timely filed, and therefore declines to change its previous findings.  The Court

initially notes that, the parties disagree about the actual date of purchase.  As discussed above,

the Hrycays assert that they purchased the motorhome on July 7, 2005 but were not given a copy

of the Limited Warranty until July 15, 2005.  Conversely, Monaco Coach argues that the actual

date of purchase was July 15, 2005 and that the Hrycays were given a copy of the Limited

Warranty at the time of sale.  Monaco contends that the parties' relationship is governed by the

terms of the Limited Warranty, and therefore, the Complaint is time-barred.  However, at least

one Pennsylvania court has refused to give effect to language in an express warranty limiting the

plaintiff's remedies where the warranty was not provided to the customer at the time of purchase

or delivery.  See Antz v. GAF Materials Corp., 719 A.2d 758, 761-62 (Pa. Super. Ct. 1998)

(holding provision limiting damages unconscionable where plaintiff had no meaningful choice

regarding the provision); see also Busche v. Monaco Coach Corp., No. 06-3801, 2006 WL

3302477, at *3 (E.D. Pa. Nov. 13, 2006) (declining to dismiss Complaint as untimely where

plaintiffs allegedly did not receive warranty until after time of sale and it was unclear on the face

of the Complaint whether provision applied).  While Antz differs somewhat from the case at

hand because the plaintiff there was not provided with the language of the provision even upon

delivery, the rationale behind the court's decision applies equally in the present case.  Here, the

Hrycays have presented an issue of material fact as to whether the provision of the parties'

agreement reducing the limitations period applies to bar their Complaint.

Furthermore, even if the Limited Warranty effectively reduced the statute of limitations, a

question of fact exists as to whether the statute of limitations was tolled under Pennsylvania's

repair doctrine.  Pursuant to the repair doctrine, the statute of limitations is tolled where

"evidence reveals that repairs were attempted; representations were made that the repairs would

cure the defects; and the plaintiff relied upon such representations." <u>Keller v. Volkswagen of Am.</u>, 733 A.2d 642, 646 (Pa. Super. Ct. 1999) (citing <u>Amodeo v. Ryan Homes, Inc.</u>, 595 A.2d 1232, 1237 (Pa. Super. Ct. 1991)).  "Moreover, whether the statute of limitations is tolled under the repair doctrine is a question of fact."  <u>Id.</u>

As noted in the Memorandum of March 7, 2008, the Hrycays allege that they had conversations with two Monaco employees, in which these employees made express representations that the repairs conducted at Monaco Coach's Indiana facility would cure the defects with the Hrycays' motorhome.  Monaco Coach does not address the tolling issue in its Motion for Reconsideration.  Nonetheless, the Court finds that a genuine issue of material fact exists as to whether the statute was tolled under the repair doctrine.  As such, summary judgment is not appropriate with regard to the issue of whether the statute of limitations was reduced by the language of the Limited Warranty.  The Motion for Reconsideration is denied.

An appropriate Order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MICHAEL AND TAMARA HRYCAY, : | |
| : | CIVIL ACTION |
| Plaintiffs, : | |
| : | |
| v. : | No. 07-2605 |
| : | |
| MONACO COACH CORP., : | |
| : | |
| Defendant. : | |

**<u>ORDER</u>**

**AND NOW**, this 28th day of April 2008, upon consideration of the Motion for

Reconsideration filed by Defendant Monaco Coach Corp. (Doc. No. 11), and the response

thereto, it is hereby **ORDERED** that the Motion for Reconsideration is **DENIED**.

BY THE COURT:

/s/ Robert F. Kelly
ROBERT F. KELLY
SENIOR JUDGE