IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL AND TAMERA HRYCAY, : | |
| : | CIVIL ACTION |
| Plaintiffs, : | |
| : | |
| v. : | No. 07-2605 |
| : | |
| MONACO COACH CORP., : | |
| : | |
| Defendant. : | |

**MEMORANDUM**

**ROBERT F. KELLY, Sr. J.**                                                    **NOVEMBER  20th, 2008**

  Presently before the Court is the Motion for Reconsideration filed by Plaintiffs Michael and Tamera Hrycay ("the Hrycays") requesting that this Court reconsider its Order of October 10, 2008 ("October 10th Opinion") granting the Motion for Amended Judgment in favor of Defendant Monaco Coach Corporation ("Monaco").  For the reasons set forth below, the Motion for Reconsideration will be denied.

**I.      BACKGROUND**

  The Hrycays sued Monaco in connection with their purchase of a Monaco Windsor motorhome.  The jury returned a verdict in favor of the Hrycays.  (See Verdict Form.)  On September 3, 2008, Monaco filed post-trial motions, including a Renewed Motion for Judgment as a Matter of Law and Alternative Motions for a New Trial or Amended Judgment.  (See Def.'s Post-Trial Mots.)  On October 10, 2008, this Court granted Monaco's Motion for Amended Judgment.  A more detailed account of the underlying facts can be found in the October 10th Opinion granting Monaco's Motion for Amended Judgment.  See Hrycay v. Monaco Coach

Corp., No. 07-2605, 2008 U.S. Dist. LEXIS 80263, at *10-12 (E.D. Pa. Oct. 10, 2008). The Hrycays now ask this Court to reconsider its Order granting Amended Judgment in favor of Monaco.

## II.   STANDARD OF REVIEW

"The United States Court of Appeals for the Third Circuit has held that the purpose of a motion of reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Cohen v. Austin, 869 F. Supp. 320, 321 (E.D. Pa. 1994). Accordingly, a district court will grant a party's motion for reconsideration based on: (1) the availability of new evidence not previously available, (2) an intervening change in controlling law, or (3) the need to correct a clear error of law or to prevent manifest injustice. Reich v. Compton, 834 F. Supp. 753, 755 (E.D. Pa. 1993). Federal courts have a strong interest in the finality of judgments, and motions for reconsideration should be granted sparingly. Cont'l Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995). Dissatisfaction with the Court's ruling is not a proper basis for reconsideration. Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993).

## III.   DISCUSSION

In their Motion, the Hrycays argue that this Court: (1) improperly concluded that Plaintiffs failed to establish the value of their motorhome at the time of delivery; (2) improperly concluded that Plaintiffs received an over-allowance on their previous motorhome, which they traded in at the time of purchase; (3) improperly drew a distinction between the date of purchase and the date of delivery when determining if Plaintiffs' expert, Wayne Degen ("Degen"), used the proper methodology of determining Plaintiffs' breach of warranty damages; and (4) erred in

2

finding that the jury was forced to speculate as to the Hrycays' damages. We disagree.

Contrary to the Hrycays' assertion that "[t]he record is devoid of any evidence indicating that the $311,662 was not the value of the motor home on the date of delivery," the evidence has shown otherwise. First, $311,662 was the manufacturer's suggested retail price (or "sticker price") of the motorhome. Plaintiffs' own expert agreed that it would be "unusual to pay sticker price for a new motorhome" and stated that "[t]here are discounts involved [in the purchase of a motorhome]" (Tr. 3.146.) All parties further agree that the Hrycays' Damon Intruder, purchased for $36,000, was valued at $81,870 (after the Hrycays put roughly 30,000 miles on the vehicle) for purposes of providing the Hrycays with a trade-in allowance when they purchased their new Windsor motorhome. Finally, Degen agreed that the Intruder was not worth $81,870 "[a]s an actual cash value." (Tr. 3.147.)

Section 2714(b) of the Pennsylvania Uniform Commercial Code states that "[t]he measure of damages for breach of warranty is the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted, unless special circumstances show proximate damages of a different amount." 13 Pa.C.S. § 2714(b). As discussed in the October 10th Opinion, the purchase price is prima facie evidence of the value as warranted, but standing alone, provides insufficient data to establish value. See Samuel-Bassett v. Kia Motors Am., Inc., 357 F.3d 392, 402 (3d Cir. 2004); see also K & C, Inc. v. Westinghouse Elec. Corp., 263 A.2d 390, 394 (Pa. 1970) (finding that the "purchase price is not the relevant factor; the value the goods would have had if they had been as warranted is crucial"). However, the purchase price *may* represent the actual value of a product where the buyer and seller conduct negotiations in arriving at a price. See Kruger v. Subaru of

3

Am., 996 F. Supp. 451, 455 n.10 (E.D. Pa. 1998) ("[A]bsent any allegation that either party was under duress immediately prior to the sale, the purchase price would seem a fair result of intelligent bargaining between two parties. . . . Thus, K & C, Inc. is not controlling here."). Here, the purchase price was not arrived at through negotiations, but rather, as Plaintiffs admit, "the $311,662 purchase price of the Windsor equaled Monaco Coach Corporation's suggested retail price." (Def.'s Reply Pls.' Mot. Recons. ¶ 10.) In light of the testimony of Plaintiffs' own expert concerning the "actual cash value" of the Intruder and the unusualness of a buyer paying sticker price for a new motorhome, this Court declines to reconsider its findings that (1) Plaintiffs failed to establish the value of their motorhome as of the time of delivery, and (2) Plaintiffs received an over-allowance on the motorhome which they traded in at the time of purchase.

  Plaintiffs' third point – that this Court improperly drew a distinction between the date of purchase and the date of delivery when determining if Degen used the proper methodology of determining Plaintiffs' breach of warranty damages – is without merit. Although Plaintiffs assert that "[t]here is no evidence that the value of the Windsor changed between the date of purchase and the date of delivery," the testimony at trial reveals that changes were in fact made to the motorhome between the purchase date of July 7 and the delivery date of July 15. Michael Hrycay testified: "I knew [the motorhome] was still in the garage [on the date of purchase] . . . . they told me they had to finish a couple of things up on it." (Tr. 1.43.) Further, as discussed in the October 10th Opinion, Degen did not state that he based his opinion of damages as of the date of delivery; rather, Degen stated he was measuring the motorhome's value "as of the day of purchase." (Tr. 3.135.) Thus, it is clear that the Hrycays failed to establish the value of their motorhome as of the time of delivery.

The Hrycays' final argument is that this Court erred when it found that the jury was forced to speculate as to the their damages. To support this assertion, the Hrycays set forth the following:

> Monaco vigorously argued that the true cost of the motor home was approximately $261,662, the stated purchase price of $311,662 minus $50,000. A $50,000 reduction of the purchase price of the motor home would result in a true purchase price of $261,662. If the jury accepted Degen's testimony that the vehicle's value, as of the date of purchase or delivery, was diminished 40% as he testified and as set forth in his report and the jury applied that 40% reduction to the reduced purchase price of $261,662, the jury would have found damages of $104,664. The jury in this case found damages of $105,000. Rather than speculate as to damages as the Court believed, the jurors in fact discounted the true price of the motor home by the $50,000, as argued by Monaco, then applied Degen's 40% reduction in value to arrive at the $105,000 verdict.

(Pls.' Mot. Recons. ¶¶ 25-27.) The flaw in Plaintiffs' argument is that the 40% reduction in value was *based on* a purchase price of $311,662.[1] In applying the 40% reduction in value to the purchase price of $311,662, it appears that Degen valued the Hrycays' motorhome at approximately $186,997, ie., 60% of the purchase price of $311,662. As Monaco correctly points out:

> [T]he next step in assessing [Degen's] opinions would be to back out the trade over-allowance of $50,000 or more, making the price the Hrycays actually paid for the vehicle no more than $261,662. Thus, if the jury could have accepted Plaintiffs' contention . . . the verdict should have been somewhere in the range of $74,665 (the net purchase price of $261,662 less $186,997, the purported "diminished value" according to Degen).

---

[1] As discussed in the October 10th Opinion, the testimony at trial was as follows:
  MR. WILLIOTT: When you wrote in your expert report and when you testified today, forty percent of the purchase price, you meant the 311,662 that was in the papers that you had?
  MR. DEGEN: I based it on the retail purchase price that I had available at the time, yes.
(Tr. 3.150.)

5

(Def.'s Reply Pls.' Mot. Recons. ¶ 27 (footnote omitted).)  Thus, contrary to Plaintiffs' calculations, the jury's verdict of $105,000 bears no rational relationship to the evidence at trial. This Court, therefore, declines to reconsider its finding that the jury was forced to speculate as to the Hrycays' damages.

Finally, in its Reply to Plaintiffs' Motion for Reconsideration, Monaco asserts that "the Court's Order reducing the verdict to the cost of repair of $14,550 should be further reduced to $0 . . . ." (Def.'s Reply Pls.' Mot. Recons. ¶ 31.)  Monaco argues that "[i]t was only during Defendant's presentation of evidence that the cost of repair of $14,550 was introduced as an alternative measure of damages, which measure the Court relied upon in amending the judgment."  (Id.)  We disagree that the Hrycays' damages should be reduced to $0.

"[R]ecovery will not be precluded simply because there is some uncertainty as to the precise amount of damages incurred. . . . [M]ere uncertainty as to the amount of damages will not bar recovery where it is clear that damages were the certain result of the defendant's conduct." Pugh v. Holmes, 486 Pa. 272, 297 (Pa. 1979).  As the Supreme Court stated in Story Parchment Co. v. Paterson Parchment Paper Co.:

> [W]hen, from the nature of the case, the amount of the damages can not be estimated with certainty, or only a part of them can be so estimated, we can see no objection to placing before the jury all the facts and circumstances of the case, having any tendency to show damages, or their probable amount; so as to enable them to make the most intelligible and probable estimate which the nature of the case will permit.

282 U.S. 555, 564 (1931) (quoting Allison v. Chandler, 11 Mich. 542, 555-56 (Mich. 1863) (quotations omitted)).

This Court found that there was sufficient evidence of damages for which Monaco was

responsible and, although Plaintiffs did not establish their precise amount, the jury was entitled to consider "all the facts and circumstances of the case, having any tendency to show damages, or their probable amount; so as to enable them to make the most intelligible and probable estimate which the nature of the case will permit." Story Parchment Co., 282 U.S. at 564; see also Pizel v. Monaco Coach Corp., No. 3:04-286, 2006 U.S. Dist. LEXIS 9324, at *10 (N.D. Ind. Feb. 15, 2006) ("Even though [plaintiff] did not present any evidence of damages based on the cost of repairs, Monaco's expert did provide such evidence. . . . Consequently, there is evidence to support damages based on the cost of repairs . . . ."). Because a reasonable jury could have calculated damages based on the cost of repairs, this Court declines to reconsider its October 10th Opinion ordering Plaintiffs to remit all amounts awarded above $14,550.

      An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL AND TAMERA HRYCAY, : | |
| : | CIVIL ACTION |
| Plaintiffs, : | |
| : | |
| v. : | No. 07-2605 |
| : | |
| MONACO COACH CORP., : | |
| : | |
| Defendant. : | |

## ORDER

**AND NOW**, this 20th day of November, 2008, upon consideration of the Motion for Reconsideration filed by Plaintiffs Michael and Tamera Hrycay (Doc. No. 56), and the response thereto, it is hereby **ORDERED** that the Motion for Reconsideration is **DENIED**.

BY THE COURT:

/s/ Robert F. Kelly
ROBERT F. KELLY
SENIOR JUDGE